IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DEXTER Q. SIMMONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cv. No. 16-02629 |
| | ) | Cr. No. 09-20491 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Before the Court is Petitioner Dexter Simmons's October 21, 2019 Motion for Reconsideration of Previously Filed § 2255 Motion (the "Motion").[1] (Cv. ECF No. 20.) The government has not responded to the Motion.

For the following reasons, the Court construes Simmons's Motion as a second or successive petition for relief under 28 U.S.C. § 2255. Simmons's second or successive petition for relief is transferred to the Sixth Circuit Court of Appeals for consideration.

---

[1] Simmons does not state the law under which he moves. The Court construes the Motion as a request for relief from judgment under Federal Rule of Civil Procedure 60(b).

**I.   Background**

In December 2009, Simmons was indicted for robbery and firearm offenses. (Cr. ECF No. 1.) In June 2011, Simmons pled guilty to six counts of robbery and attempted robbery under 18 U.S.C. § 1951; one count of use of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c); and one count of possessing a firearm after having been previously convicted of a felony under 18 U.S.C. § 922(g). (See Cr. ECF Nos. 1, 122.) In October 2011, the Court sentenced Simmons to 316 months in prison to be followed by three years of supervised release. (Cr. ECF Nos. 145-46.) Simmons did not appeal his conviction or sentence.

On June 20, 2016, Simmons filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Initial Petition").[2] (Cv. ECF No. 1.) In his Initial Petition, Simmons challenged the constitutionality of 18 U.S.C. § 924(c), the statute underlying his conviction for use of a firearm in relation to a crime of violence. (See id. at 1, 4.) Simmons argued that the Supreme Court's decision in Johnson v. United

---

[2] Simmons initially filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the District of Arizona. (Cv. ECF No. 1.) The district court in Arizona construed Simmons's petition as a motion under 28 U.S.C. § 2255 and transferred the case to this Court. (Cv. ECF No. 5.) This Court likewise construed Simmons's petition as a motion under 28 U.S.C. § 2255. (Cv. ECF No. 17.)

States, 135 S. Ct. 2551 (2015), which rendered the "residual clause" of § 924(e) unconstitutionally vague, also voided the residual clause of § 924(c). (See Cv. ECF No. 1-1.) On February 28, 2018, the Court denied the Initial Petition on the merits. (Cv. ECF No. 17.) That decision relied on United States v. Taylor, 814 F.3d 340 (6th Cir. 2016), in which the Sixth Circuit held that Johnson did not invalidate § 924(c)'s residual clause. 814 F.3d at 375-79. (See Cv. ECF No. 17.) On the same day, the Court entered judgment. (Cv. ECF No. 18.) Simmons did not appeal.

On June 24, 2019, in United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that § 924(c)'s residual clause was unconstitutionally vague. 139 S. Ct. at 2325-36. On October 21, 2019, Simmons filed the Motion. (Cv. ECF No. 20.) He asks the Court to reconsider its previous denial of his § 2255 petition in light of Davis. (See id. at 1-2.)

**II. Analysis**

The Court construes Simmons's Motion as a second or successive petition for relief under 28 U.S.C. § 2255. See In re Nailor, 487 F.3d 1018, 1021-23 (6th Cir. 2007). A Rule 60(b) motion for post-judgment relief is a second or successive petition for relief under § 2255 if it "presents a 'claim,' such as an attack on an earlier decision on the merits[.]" Hourani v. United States, 239 F. App'x 195, 197 (6th Cir. 2007) (quoting

3

Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).  Inter alia, a Rule 60(b) motion challenging the denial of a § 2255 petition presents a claim if it "contend[s] that a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim."  Gonzalez, 545 U.S. at 531 (quotation marks and citations omitted).[3]

Simmons's Motion does just that.  In 2018, the Court denied Simmons's Initial Petition on the merits and entered judgment. (Cv. ECF Nos. 17-18.)  Simmons asks the Court to "reopen my previously filed [§] 2255" in light of the Supreme Court's subsequent decision in Davis that § 924(c)'s residual clause is unconstitutionally vague.  (Cv. ECF No. 20 at 1-2.)  Simmons's Motion, although styled a motion for reconsideration, is in substance a second or successive petition for relief.

Without authorization from the Sixth Circuit, this Court lacks the authority to decide a second or successive petition for relief under § 2255.  Alley v. Bell, 392 F.3d 822, 828 (6th Cir. 2004).  Simmons must first seek that authorization from the Sixth Circuit.  See 28 U.S.C. §§ 2244(b)(3), 2255(h).  "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3)

---

[3] Gonzalez addressed a Rule 60(b) motion challenging the denial of a habeas petition brought under 28 U.S.C. § 2254.  "[M]uch of the Gonzalez Court's reasoning is applicable" to Rule 60(b) motions in § 2255 cases.  In re Nailor, 487 F.3d at 1022.

4

authorization from [the Sixth Circuit], the district shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Simmons's Motion is transferred to the Sixth Circuit for consideration.

### III. Conclusion

For the foregoing reasons, the Court construes Simmons's Motion as a second or successive petition for relief under 28 U.S.C. § 2255.  The Court transfers Simmons's second or successive petition for relief to the Sixth Circuit Court of Appeals for consideration.

So ordered this 2nd day of July, 2020.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE